IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                                                                    Criminal No. **3:04CR34**

**LEON A. SINGLETON,**

Petitioner.

## MEMORANDUM OPINION

Leon A. Singleton, a federal inmate proceeding with counsel, submitted this motion

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF

No. 40). Singleton argues that in light of the Supreme Court's ruling in *Johnson v. United*

*States,* 135 S. Ct. 2551 (2015), his sentence under the United States Sentencing Guidelines

("USSG") is unconstitutional. (§ 2255 Mot. 1–3.) The Government has responded. (ECF

No. 45.) Singleton has replied. (ECF No. 47.) For the reasons set forth below, the Court will

deny Singleton's § 2255 Motion as untimely.

## I. PROCEDURAL HISTORY

On February 17, 2004, Singleton was charged with distribution and possession with

intent to distribute five grams or more of a mixture and substance containing detectable amounts

of cocaine base (Count One), and possession of five grams or more of a mixture and substance

containing detectable amounts of cocaine base (Count Two). (Indictment 1–2, ECF No. 9.) On

May 5, 2004, Singleton pled guilty to Count One of the Indictment. (Plea Agreement ¶ 1, ECF

No. 16.) The probation office prepared a Presentence Report ("PSR") for Singleton prior to

sentencing. In the PSR, the probation officer found Singleton to be a career offender because the

offense of conviction was a felony controlled substance offense and Singleton had previously

been convicted of at least two prior felony crimes of violence. (PSR ¶ 47.)[1] Based on the career

offender enhancement, Singleton's criminal history category increased from Level V to Level

VI. (*Id.* Wksht C, at 2; Wksht D, at 1.) Singleton's Offense Level Total was 31 based on the

finding that he was a career offender, with three points deducted for acceptance of responsibility.

(*Id.* Wksht D, at 1.) Singleton's sentencing guidelines range was 188 to 235 months of

incarceration. (*Id.*) At the time Singleton was sentenced, the Sentencing Guidelines were

deemed mandatory. *See United States v. Booker*, 543 U.S. 220, 233 (2005).

On September 27, 2004, the Court sentenced Singleton to 230 months of incarceration.

(J. 2, ECF No. 24.) On June 26, 2016, Singleton filed the present § 2255 Motion. (ECF

No. 40.) In his § 2255 Motion, Singleton asserts that he is entitled to relief upon the following

claim:

> Claim One: "On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551. The Court invalidated the ACCA's residual clause because it denied fair notice and invited arbitrary enforcement and was therefore void for vagueness under the Due Process Clause. Under *Johnson*, the identical clause in the career offender guideline is also void for vagueness. Thus, Mr. Singleton's prior Virginia convictions for unlawful wounding, maiming, and use of a firearm no longer qualify as 'crimes of violence,' and Mr. Singleton is not a career offender." (§ 2255 Mot. 5.)[2]

However, as discussed below, Singleton's claim is untimely.

---

[1] The two predicate felony convictions appear to be maiming in 1992 and unlawful wounding in 1999. (PSR Wkst C, at 1–2; *see* § 2255 Mot. 2.)

[2] Singleton further asserts that his prior Virginia convictions for unlawful wounding, maiming, and use of a firearm do not qualify as "crimes of violence" under the force clause or the enumerated offenses clause of Sentencing Guidelines Section 4B1.2(a). (§ 2255 Mot. 12–17.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended

28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion.

Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Singleton did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became

final on Tuesday, October 12, 2004, the last date to file an appeal. *See United States v. Clayton*,

No. 3:07CR488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United*

*States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R.

App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal

within ten (10) days of the entry of judgment). Hence, Singleton had until Wednesday, October

12, 2005 to file any motion under 28 U.S.C. § 2255. Because Singleton did not file his § 2255

motion until June 26, 2016, the motion is untimely under 28 U.S.C. § 2255(f)(1).

Singleton argues that his § 2255 Motion is timely under § 2255(f)(3) because the

Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 1551 (2015) recognized a new

right that is retroactively applicable to cases on collateral review. (§ 2255 Mot. 3.) In order to obtain a belated commencement of the limitation period under § 2255(f)(3), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and, (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012). If the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion." *Dodd v. United States*, 545 U.S. 353, 358–59 (2005).

Singleton argues that *Johnson* announced a newly recognized right that the Supreme Court has made retroactively applicable to cases on collateral review, and that right extends not just to ACCA sentences, but also to his sentence under the Sentencing Guidelines. (Reply, 2–3, ECF No. 47.) Singleton contends that he "need only rely on *Johnson* for his motion to be timely under § 2255(f)(3). There need not be a separate Supreme Court decision specifically applying *Johnson* to mandatory guidelines." (*Id.* at 3.) Thus, in essence, rather than relying on the rule of *Johnson*, Singleton seeks the creation of a second new rule extending *Johnson* to the mandatory Sentencing Guidelines.

> Regrettably for [Singleton], the Supreme Court did not recognize such a right in *Johnson*. While *Johnson* did announce a retroactively applicable right, *Welch v. United States*, [136 S. Ct. 1257, 1265] (2016), *Johnson* dealt only with the residual clause of ACCA—a federal enhancement statute . . . . *Johnson* did not discuss the mandatory Sentencing Guidelines' residual clause at issue here . . . .

*United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017); *see United States v. Gholson*, No. 3:99CR178, 2017 WL 6031812, at *3 (E.D. Va. Dec. 5, 2017) (citations omitted). "The 'right asserted' in *Johnson* is not the same right that [Singleton] seeks to assert in this case. As previously discussed, *Johnson*'s holding was limited to those individuals sentenced under ACCA

4

and it did not touch upon the residual clause found in the Sentencing Guidelines." *Gholson*, 2017 WL 6031812, at *4 (citing *Brown*, 868 F.3d at 303; *Mitchell v. United States*, No. 3:00–CR–00014, 2017 WL 2275092, at *5 (W.D. Va. May 24, 2017)). Because *Johnson* does not apply to Singleton's sentence under USSG § 4B1.2, he may not utilize *Johnson* to make his § 2255 Motion timely under § 2255(f)(3). *See Brown*, 868 F.3d at 302–303 (refusing to extend *Johnson* to invalidate a career offender sentence under the mandatory guidelines and finding such a challenge untimely). Accordingly, Singleton's § 2225 Motion is untimely and must be dismissed.

## III. CONCLUSION

For the foregoing reasons, Singleton's § 2255 Motion (ECF No. 40) will be DENIED as barred by the statute of limitations. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

M. Hannah Lauck
United States District Judge

Date: 3|15|2018
Richmond, Virginia

5